ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 FEB -4 PM 2: 36
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| PAUL HENLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 312-081 |
| ) | |
| SHERIFF JEFF HINSON, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Dodge County Jail ("DCJ") in Eastman, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed *in forma pauperis*, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

Accordingly, on December 20, 2012, the Court reviewed Plaintiff's complaint in conformity with the *in forma pauperis* statute. Because, based on the facts alleged therein,

the Court was unable to determine whether Plaintiff intended to assert claims related to the conditions of his confinement under § 1983 or to the fact or duration of his confinement under 28 U.S.C. § 2241, he was directed to file an amended complaint within fifteen days of the date of that Order. (Doc. no. 16.) Plaintiff failed to submit an amended complaint within the specified period of time, and the Court subsequently granted him fourteen additional days within which to do so. (Doc. no. 17.) Plaintiff then submitted an amended complaint on January 22, 2013, and it is this document that the Court will now screen. (Doc. no. 18.)

I. BACKGROUND

Plaintiff names Jeff Hinson, the "ex-Sheriff" of Dodge County, and Roy Conley, a detective with the Dodge County Sheriff's Office, as Defendants in this case. (See doc. no. 18, pp. 1, 4.) Plaintiff alleges that, on March 12, 2012, he was "picked up by [Defendant Conley] on a warrantless arrest," and subsequently charged with three counts of burglary. (Id. at 5.) Plaintiff next alleges that, presumably following his release, he was called back into Defendant Conley's office three days later and charged with eight additional counts of burglary. (Id.) Plaintiff asserts that he told Defendant Conley that he did not know anything about the eight additional burglaries, but that Defendant Conley replied that "he was going to charge [Plaintiff] with them anyway." (Id.) Plaintiff alleges that it is "impossible" that he could be responsible for the eight additional burglaries because those burglaries took place

2

while he was incarcerated in "the county jail doing [his] parole time." (Id.) Plaintiff expresses his belief that Defendant Conley "just has something [against him]" and that he has accordingly been profiled due to his race and criminal record. (Id.) Finally, Plaintiff asserts that a bond hearing was held on August 10, 2012, but that he has never been called to attend such a hearing in person. (Id.)

As relief, Plaintiff requests a state criminal proceeding, the dismissal of his state charges, and his immediate release. (Id. at 6.) Plaintiff also vaguely asserts that he "want[s] to bring a claim for nominal damages."[1] (Id.)

## II. DISCUSSION

As an initial matter, the Court notes that, as it specifically explained in its Order directing Plaintiff to amend his complaint (see doc. no. 16, p. 7), his amended complaint supersedes and replaces his original complaint as the operative pleading in this case. Lowery v. Ala. Power Co., 483 F.3d 1184, 1219 (11th Cir. 2007) ("an amended complaint supersedes the initial complaint and becomes the operative pleading in the case"); Pintando v. Miami-Dade Hous. Agency, 501 F.3d 1241, 1243 (11th Cir. 2007) (*per curiam*). Thus, the Court will consider only the allegations set forth in Plaintiff's amended complaint in its analysis of the viability of his claims.

---

[1] Notably, unlike in his original complaint (doc. no. 1, p. 7), Plaintiff does not seek bond as relief in his amended complaint. (Doc. no. 18, p. 6.)

3

### A. Failure to Allege Facts Concerning Defendant Hinson

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's amended complaint fails to state a claim against Defendant Hinson. Specifically, Plaintiff does not mention Defendant Hinson aside from naming him as a Defendant in the caption and the "Parties" section of the amended complaint. (See doc. no. 18, pp. 1, 4.) However, "[s]ection 1983 requires proof of an affirmative causal connection between the actions taken by a particular person under color of state law and the constitutional deprivation." LaMarca v. Turner, 995 F.2d 1526, 1538 (11th Cir. 1993) (internal quotation marks and citations omitted). The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) (citing Pamel Corp. v. P.R. Highway Auth., 621 F.2d 33, 36 (1st Cir. 1980) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong.")). Thus, in the absence of an allegation of any connection between an alleged unconstitutional deprivation and the actions of Defendant Hinson, Plaintiff fails to state a claim for relief against him.

Moreover, to the extent that Plaintiff attempts to hold Defendant Hinson responsible

4

for the actions of Defendant Conley, he is barred from doing so by the doctrine of *respondeat superior*.² "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 & 694 n.58 (1978). Likewise, employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory). To hold a supervisory official liable, Plaintiff must demonstrate that either (1) the supervisor actually participated in the alleged constitutional violation, or (2) there is a causal connection between the actions of the supervisor and the alleged constitutional violation. Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

As noted above, Plaintiff does not allege that Defendant Hinson actually participated in any purported constitutional violation. Similarly, Plaintiff fails to allege a "causal connection" between Defendant Hinson and the asserted constitutional violations. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (*per curiam*) (requiring an affirmative

---

²In any event, as discussed below, the Court finds that Plaintiff's amended complaint fails to state a viable § 1983 claim against Defendant Conley.

5

causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse[3] puts the responsible supervisor [or employer] on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). A causal connection may also be shown when the facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003). Plaintiff has not made the necessary showing with respect to Defendant Hinson. Accordingly, Plaintiff fails to state a claim upon which relief can be granted against Defendant Hinson, and he is subject to dismissal on that ground alone.

## B. Plaintiff's Complaint Barred by Preiser and Heck

Even if Plaintiff had mentioned Defendant Hinson in his amended complaint outside of the caption and the "Parties" section, Plaintiff still fails to state a claim upon which relief can be granted against either Defendant Hinson or Defendant Conley. The Supreme Court

---

[3]The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added).

has specifically held that § 1983 is the appropriate course of relief for an inmate "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus."); see also Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); see also Johnson v. Chisholm, CV 409-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining that pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241).

Moreover, the Supreme Court held in Heck v. Humphrey that when an inmate's allegations rest on the invalidity of his imprisonment, his § 1983 claim does not accrue until that invalidity is proven. 512 U.S. 477, 486-87 (1994); see also Edwards v. Balisok, 520 U.S. 641, 645 (1997) (extending Heck to certain types of due process challenges brought under § 1983). Notably, Heck applies to suits filed by pretrial detainees, such as Plaintiff

7

here. Mallery v. McLeod, CV 312-126, 2012 WL 2378140, at *3-4 (N.D. Fla. May 31, 2012) (citing Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004); Smith v. Holtz, 87 F.3d 108 (3d. Cir. 1996)). In Edwards, the Supreme Court further explained, if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that § 1983 claim must be dismissed unless the conviction has already been invalidated. 520 U.S. at 487. In short, a claim for monetary damages or injunctive relief that challenges Plaintiff's incarceration is not cognizable under § 1983. Heck, 512 U.S. at 483.

Additionally, the Court recognizes that, "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction. As a result, Heck does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). However, if the factual basis of a plaintiff's § 1983 claim would "inevitably undermine his conviction," then Heck bars the claim, even if it arises under the Fourth Amendment. Vickers v. Donahue, 137 F. App'x 285, 290 (11th Cir. 2005) (*per curiam*) (holding that Fourth Amendment § 1983 claim premised on officer providing false information in affidavit to secure an arrest warrant was barred by Heck because "the factual basis for [the plaintiff's] claim . . . inevitably undermine[s] his conviction"); see also Weaver v. Geiger, 294 F. App'x 529, 533 (11th Cir. 2008) (*per curiam*) ("We have previously held that [Fourth Amendment claims premised on invalid warrants] can be brought even without proof that the underlying

8

conviction has been called into question. However, we have also determined that Heck would still preclude those claims that 'if successful, would necessarily imply the invalidity of the conviction because they would negate an element of the offense.'" (quoting Hughes, 350 F.3d 1157, 1160 n.2) (citation omitted)).

Here, Plaintiff clearly challenges the fact or duration of his confinement – rather than the conditions of that confinement – by arguing that he is not guilty of a number of the burglary charges asserted against him and that he is entitled to the dismissal of his state criminal charges and his immediate release. (Doc. no. 18, pp. 5-6.) In so arguing, however, he fails to assert a cognizable claim under § 1983, and the proper avenue for the pursuit of such claims is under § 2241.[4] Preiser, 411 U.S. at 499-500; see also Johnson, 2009 WL 3481904 at *1.

Moreover, to the extent that Plaintiff attempts to bring Fourth Amendment claims for damages based on his allegation that he was subjected to a "warrantless arrest"[5] – or arrested pursuant to falsified information concerning the eight additional burglaries – those claims

---

[4] If Plaintiff wishes to bring a claims concerning the fact or duration of his confinement under § 2241, he must file a separate habeas petition. However, as the Court explained in its December 20th Order directing Plaintiff to amend his complaint (doc. no. 16, p. 5), Plaintiff must fully exhaust his state remedies prior to bringing a federal petition, and he has made no showing here of having yet done so. See Wilkinson v. Dotson, 544 U.S. 74, 79 (2005).

[5] Although, as explained above, Plaintiff's amended complaint supersedes and replaces his original complaint, the Court notes that, in his original complaint, Plaintiff clearly stated that he was "picked up on a warrant arrest." (Doc. no. 1, p. 5.)

9

are unavailing. Specifically, were those claims resolved in Plaintiff's favor, they would inevitably undermine any potential future conviction by indicating that he was not responsible for at least some of the burglaries with which he has been charged. Vickers, 137 F. App'x at 290. For that reason, those claims are barred by Heck, even acknowledging the fact that Plaintiff is a pretrial detainee rather than a convicted prisoner. See Josey v. Tex. Dep't of Pub. Safety, 101 F. App'x 9, 10 (5th Cir. 2004) (dismissing, under Heck, pretrial detainee's § 1983 lawsuit where he claimed, *inter alia*, that there was no probable cause for his arrest, when resolving the claims in his favor would undermine the validity of his potential conviction); see also Thomas v. Pugh, 9 F. App'x 370, 371-72 (6th Cir. 2001) (dismissing, under Heck, pretrial detainee's § 1983 claims that he was denied his constitutional rights to a speedy indictment, speedy trial, due process, and equal protection); Cole v. State of Fla., CV 310-178, 2010 WL 2711861, at *3 (N.D. Fla. Jan. 7, 2009) (dismissing, under Heck, pretrial detainee's § 1983 claim of false arrest where resolving the claim in his favor would undermine his potential conviction on pending criminal charges); Mallery, 2012 WL 2378140 at *3-4 (finding that Heck barred pretrial detainee's damages claims because, if successful, his claims would necessarily imply the invalidity of his potential convictions).

In sum, Plaintiff's allegations fail to state a viable § 1983 claim against either named Defendant. Therefore, his complaint should be dismissed.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's amended complaint be **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of February, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE